NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2011[*]
Decided February 18, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2622

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 CR 707 -3 |
| FRED D. CALVERT, JR., *Defendant-Appellant.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Fred Calvert, Jr. and two other men agreed to help a drug courier rob a "stash house," but the courier was actually a federal agent. After being arrested and indicted, Calvert pleaded guilty to conspiring to possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846 and 841(a), and possessing a firearm in relation to a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). He was subject to mandatory minimum sentences of 10 years on the conspiracy charge and 5 years on the firearm charge. *See* §§ 841(b)(1)(A), 846;

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 924(c)(1)(A)(i).  The judge imposed a 188-month sentence on the former charge and a consecutive 60-month sentence on the latter, resulting in a total sentence of 248 months.

On appeal Calvert argues only that he should not receive a consecutive sentence under § 924(c), based on that statute's "except" clause.  As is relevant here, the statute provides that a court shall impose a minimum five-year consecutive sentence if the defendant possesses a firearm "in furtherance of" a drug trafficking crime, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law."  § 924(c)(1)(A).  He argues that this "except" clause precludes courts from imposing a mandatory minimum sentence under § 924(c)(1)(A) if the underlying criminal statute—here § 841(b)(1)(A)— mandates a greater minimum sentence.  Because the conspiracy charge carried a 10-year mandatory minimum, he urges that the 5-year mandatory minimum for his weapons charge should not apply.

The Supreme Court recently rejected this argument, however, in *Abbott v. United States*, 131 S. Ct. 18 (2010).  There the Court concluded that a defendant subject to a mandatory consecutive sentence for a § 924(c) conviction is "not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."  *Id.* at 23; *see United States v. Spagnola*, _ F.3d _, 2011 WL 181480, at *6 (7th Cir. Jan. 21, 2011); *United States v. Easter*, 553 F.3d 519, 525 (7th Cir. 2009).

AFFIRMED.